Hon. John Van Lindt Chairman NYS Racing and Wagering Board
You inquire whether the Buffalo Convention Center Management Corporation (hereafter "corporation"), which operates on behalf of the City of Buffalo a convention center owned by Erie County, is an authorized games of chance lessor under General Municipal Law, § 186 (4) (8).
The New York Constitution, Article I, § 9 authorizes games of chance. This provision is implemented by Article 9-A of the General Municipal Law. The corporation seeks a license to lease its premises for games of chance. To qualify, the corporation must either be a "municipality" or an "authorized organization" (General Municipal Law, § 186 [8]). Since the corporation is an independent entity under contract with the City of Buffalo, it is not a municipality or an agency of a municipality. The determining question is whether the corporation is an authorized organization.
The term authorized organization is defined as any bona fide religious, charitable, educational, fraternal, service, veterans or volunteer firemen organization which has among its dominant purposes one or more of the lawful purposes defined in Article 9-A, operates without profit to its members, and has been engaged in a lawful purpose for three years prior to applying for a license (General Municipal Law § 186
[4]). The first question is whether the corporation as an organization meets these criteria.
The entity must have among its dominant purposes at least one of the lawful purposes set forth in General Municipal Law, § 186 (5). The purposes include:
 "(b) Those which shall initiate, perform or foster worthy public works or shall enable or further the erection or maintenance of public structures.
 (c) Those which shall otherwise lessen the burdens borne by government or which are voluntarily undertaken by an authorized organization to augment or supplement services which government would normally render to the people."
Under its agreement with the city, the corporation is responsible for the management, operation, ordinary repair and maintenance of the convention center (Agreement between City of Buffalo and corporation dated April 28, 1977). Included among the corporations specific duties under the agreement in relation to the convention center are promotion of business, entering into all contracts necessary for operation and promotion, hiring of personnel necessary for operations, preparation of the annual budget, and making of all ordinary repairs to the convention center which are not structural repairs or capital improvements. In this role the corporation furthers the maintenance of public structures, namely the convention center. Also, in removing from the city the responsibility for management, operation, maintenance and repair of the convention center, the corporation is lessening the burdens borne by government. It is clear that the corporation has, as its dominant purpose, at least one of the lawful purposes set forth in General Municipal Law, § 186 (5).
The corporation operates without profit to its members (see Certificate of Incorporation, Paragraph Third, page 2) and has engaged in a lawful purpose for three years prior to applying for a license to be a games of chance lessor (the agreement, supra, is dated April 28, 1977; whether the corporation has actually operated the convention center for three years is a determination of fact to be made upon application for licensure).
To qualify as an authorized organization the corporation must meet the final criterion. It must be a bona fide religious, charitable, educational, fraternal, service, veterans or volunteer firemen organization. A review of the Certificate of Incorporation and bylaws of the corporation and the Agreement reveals that its primary purpose is the management, operation and maintenance of the Buffalo Convention Center. The only category of authorized organizations under which the corporation can potentially fall is "service organization".
The term service organization is not defined in Article 9-A or in the Racing and Wagering Board's rules (information from Director of Games of Chance for Board). Nor does the legislative bill jacket reveal any legislative intent as to the meaning of the term.
"Service organization" is not a term of art with a common statutory meaning. A review of New York statues incorporating the term service organization(s) revealed that the term is descriptive and has no common meaning (see for example Executive Law, § 20 [1] [a] "emergency service organization"; Agriculture and Markets Law, § 16 [5-a] "community service organization"; Public Health Law, § 2892
[b] "nursing service organization"; and General Municipal Law, § 129
[10] "credit service organization").
The corporation has among its dominant purposes the maintenance of public structures, a "lawful purpose" under the games of chance statute, General Municipal Law, § 186 (5) (b), ante. The types of organizations that have the expertise to maintain a public structure and that meet the other criteria of section 186 (4) are limited. It is conceivable that the Legislature had entities like the corporation in mind when it used the term service organization.
The corporation provides a service which is a lawful purpose under the statute. It is by the literal meaning of the term a "service organization". We conclude that the corporation is a service organization within the meaning of the statute.
We recognize the legislative intent that Article 9-A be rigidly enforced and that games of chance be closely controlled to discourage commercialization of gambling (General Municipal Law, § 185). We do not see how this intent is in any way undermined by permitting the corporation to provide space in the Convention Center for licensed organizations to conduct games of chance. There are many restrictions with which an authorized organization must comply to safeguard the realization of the legislative intent (General Municipal Law, §§ 189,189-a, 191, 194).
This opinion is limited to the question of whether the corporation is an authorized games of chance lessor. Whether the corporation meets all other requirements of Article 9-A will be determined upon application for a license.
We conclude that the Buffalo Convention Center Management Corporation is an authorized games of chance lessor under General Municipal Law, §186 (4) (8).